# In Re: Vacancy in Salisbury Borough Council

*David J. Flower, James B. Yelovich,* for petitioner.

COFFROTH, *P.J.*, June 4, 1984—On May 31, 1984, counsel presented to the motions judge (Coffroth, P.J.) the instant petition of the chairman of the Vacancy Board for Salisbury Borough, alleging that the board has been unable to agree upon a person to fill an existing vacancy on Borough Council and requesting the court to make an appointment.

Counsel and the petition inform us of the following

## FACTS

(1) The vacancy occurred by resignation of Mr. John O'Donnell, accepted March 12, 1984 by council.[1]

(2) The petition is dated April 23, 1984, and was originally presented in April to the motions judge

---

1. For appointment purposes, the vacancy does not exist until the resignation is accepted. In Re Lincoln Township Supervisor Appointment, 40 Somerset L. J. 1 (1981).

(Shaulis, J.) who remanded it with instructions to make further effort to select an appointee.[2]

(3) The Vacancy Board held its meeting on April 16, 1984, attended by the Chairman appointed pursuant to Borough Code §901, and five councilmen, one councilman absent, at which three persons were nominated for the vacancy: Robert Green, Richard Glotfelty and Max Miller; on the first ballot the vote was as follows:

| | | |
|---|---|---|
| Green | — | 2 |
| Glotfelty | — | 1 |
| Miller | — | 1 |
| Abstentions | — | 2 |

On the second ballot, the vote was as follows:

| | | |
|---|---|---|
| Green | — | 3 |
| Miller | — | 1 |
| Abstentions | — | 2 |

(4) The resigned councilman was a Democrat. The present voter registration in the borough is as follows:

| | |
|---|---|
| Republican | — 236 |
| Democrat | — 157 |
| Other | — 11 |
| TOTAL | — 404 |

## DISCUSSION

The purpose of the amendments to §901 of the Borough Code creating the Vacancy Board and giving it the power of appointment before authorizing

2. Section 901 of the Borough Code, 53 P.S. §45901, allows council 30 days to fill a vacancy, the Vacancy Board an additional 15 days to do so, a total of 45 days, before the court has authority to act.

On April 23, 1984, the date of the original petition, the 45 day period had not expired. Hence the petition was then premature. See In Re Lincoln Township Supervisor Appointment, supra.

the court to act, was to enhance the chances of having vacancies filled locally by those best acquainted with local citizens and local conditions, and to minimize appointments by the judges who generally are not so well acquainted with such matters. Moreover, appointments to public office cannot be accurately described as a judicial task, although it is recognized that, as a practical matter, there are times when a neutral outsider is needed and the court can fulfill that function. See: In Re Central City Borough Council, 40 Somerset L. J. 296, 297 (1982). Consequently, a local appointment is preferred, and it is the duty of the local governmental body and the Vacancy Board, to make a conscientious effort to perform the appointive duty before passing the task to the court; and it is the duty of the court to insist upon such effort before making a court appointment.

In this case, what concerns us is that two members of the Vacancy Board have abstained from voting. As a result, we must conclude either that (1) they have shirked their duty, or (2) in their judgment there is no other registered voter in the borough who is qualified for Borough Council and willing to serve. If the former, a logical course for the court is to refuse to act until necessary to do so after the members of the Vacancy Board have first done their duty by voting their best judgment without fear or favor; if the board cannot find a registered voter in the borough who in their collective judgment is qualified for council and willing to serve, it is unlikely that the court can do so either. So, in either event, there is ground for our refusing and remanding this petition.

Nevertheless, the public interest is best served by filling vacancies in public office, not by leaving them unfilled.

We strongly condemn the abstentions from voting; but in this particular case the vacancy has gone unfilled too long and we can best serve the public interest by filling it without further delay.

We also note that the resigned councilman was a Democrat, and we are informed that all of the nominees at the April 9th meeting are Republicans. In filling vacancies in office, our court has considered the prevailing political sentiments of the community where there is clear indication of them. The factors generally considered are the political party of the person whose vacancy is being filled, and the party preference of the community as a whole. See: In Re Appointment of Member of Central City Borough Council, supra; In Re Lincoln Township Auditor, 30 Somerset L. J. 39, 73 D.&C.2d 279 (1975). In this case party considerations are inappropriate: the resigning councilman was a Democrat but the party persuasion of the borough is heavily Republican. See In Re Appointment of Conemaugh Township Tax Collector, 28 Somerset L. J. 397 (1971).

A majority of the seven member Vacancy Board is four. The nominee receiving the most votes at the April 9th meeting is Mr. Robert Green. For that reason, we shall appoint him.

## ORDER

Now, this June 4, 1984, Mr. Robert A. Green, a registered elector of Salisbury Borough, Somerset County, Pa., is hereby appointed to the council of said borough to fill the vacancy now existing because of the resignation of Mr. John O'Donnell, to hold such office until the first Monday of January, 1986, as is provided in §901 of the Borough Code, 53 P.S. §45901.